[Civ. No. 9939.   Third Dist.   May 31, 1960.]

NANCY A. SILVA, Appellant, v. GERALD LEWIS MITCHELL et al., Respondents.

*Assigned by Chairman of Judicial Council.

Russell A. Harris and Robert A. Zarick for Appellant.

McGregor & Bullen for Respondents.

SCHOTTKY, J.—Plaintiff, Nancy A. Silva, has appealed from a judgment entered upon the verdict of the jury in favor of defendants. The action arose out of an automobile collision that occurred on April 1, 1958, on Riverside Boulevard in Sacramento, involving an automobile operated by defendant Gerald Mitchell and owned by defendant Bertha Mitchell.

The record shows that the accident occurred about 1:15 p. m. on Riverside Boulevard at a point where there is a slight curve in the road. Riverside Boulevard is a 2-lane highway running north and south with a paved 10-foot lane for traffic in each direction. There is also an unimproved dirt shoulder alongside each lane. It had been raining the day of the accident, but it was not raining at the time of the accident. Gerald Mitchell was driving south at a speed of about 50 miles an hour when he observed a large puddle of water that nearly covered the southbound lane. He slowed his speed to about 45 miles per hour and pulled into the northbound lane to go around the puddle. As he did so, he saw the Silva vehicle approaching some two or three hundred feet away, so he started to pull back into his proper lane. He also applied his brakes. His car went into a spin and he was unable to control it. The front of the Silva car, which was being driven by Mrs. Silva, collided with the right rear fender of the Mitchell vehicle. The Mitchell car then went off the east portion of the road. Investigation disclosed that there was one skid mark of 18 feet, another of 25 feet and a third of about 39 feet on the roadway and one of about 25

feet off the roadway and to the point where the Mitchell car came to rest. These marks were at an angle to the road. The investigating officer testified that the skid marks indicated a vehicle skidding sideways.

Mrs. Silva was driving north about 25 or 30 miles an hour. She testified that she did not see the Mitchell vehicle until it was 20 or 25 feet away. Her husband who was with her testified that he first saw the Mitchell vehicle when it was some 300 feet away. Mrs. Silva did not apply her brakes or swerve to avoid the accident.

The sole contention of appellant is that it was reversible error for the court to instruct the jury on the question of contributory negligence. Appellant contends most earnestly that as a matter of law she was not guilty of contributory negligence and that the court should have so instructed the jury.

Whether or not a plaintiff is guilty of contributory negligence "is ordinarily a question of mixed fact and law, and may be determined as a matter of law only if reasonable men following the law can draw but one conclusion from the evidence presented." (*Gray* v. *Brinkerhoff*, 41 Cal.2d 180 [258 P.2d 834].) If appellant had time to take steps to avoid the collision with the Mitchell car after she observed it, or should have observed it, in her lane, her failure to act would have contributed to the accident and would consequently bar recovery. The testimony most favorable to the respondents discloses that the Mitchell car which was in the northbound lane was visible for a distance of 300 feet. It was traveling about 45 miles an hour. The Silva car was being driven at a speed of about 30 miles an hour. Combined the speeds would mean that the vehicles were approaching each other at the rate of 110 feet per second. This would mean that appellant had a little over two and one-half seconds to act after she saw, or should have seen, the Mitchell vehicle in her lane. She did nothing. Since there was time to act and take some type of precautionary or evasive action, we believe that the court properly left the question to the jury. A jury could determine that appellant should have seen the vehicle of respondents some 300 feet away if she had been paying attention; that if she had seen it, she had a duty to take some precautionary measures to avoid the collision; and that her failure to do so contributed to the accident.

We are convinced that the issue of whether or not appel-

lant was guilty of contributory negligence was one of fact for the jury to determine. We cannot hold that the implied finding of the jury that appellant was guilty of contributory negligence is without substantial support in the record. There was therefore no error on giving an instruction on contributory negligence to the jury.

The judgment is affirmed.

Van Dyke, P. J., and Warne, J. pro tem.,* concurred.

A petition for rehearing was denied June 30, 1960, and appellant's petition for a hearing by the Supreme Court was denied July 27, 1960.

*Assigned by Chairman of Judicial Council.